**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 96-60241
(Summary Calendar)

OLD REPUBLIC LIFE
INSURANCE COMPANY,

                                        Plaintiff-Appellee,

versus

TRUSTMARK NATIONAL BANK,

                                        Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi
(95-CV-88)

November 7, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Trustmark National Bank (Trustmark) appeals the district court's grant of summary judgment in favor of Plaintiff-Appellee Old Republic Life Insurance Company (Old Republic). The district court's opinion adopted, in toto, Old Republic's argument that it is entitled to summary judgment for

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

three independently sufficient reasons.  Although we do not necessarily agree that, independently, each of Old Republic's proffered arguments is sufficient to justify summary judgment, we nevertheless reach the same result as did the district court and affirm on the basis of Old Republic's final argument.

I

FACTS AND PROCEEDINGS

The controversy that gives rise to this appeal centers on three life insurance policies issued by Old Republic on the life of Nolan Lamar Jackson.  The three policies were identical in their relevant terms and together provided death proceeds totaling $800,000.  Annual premiums on each policy were payable by August 3, and each policy contained a thirty-one day grace period within which premiums could be paid without negative effects.  Each policy also included a waiver of premium rider (Rider), which dispensed with the obligation to pay premiums in the event that the insured, Jackson, became totally incapacitated.

In 1991, Trustmark became the owner and beneficiary of the policies when the original owner, Hale & Jones Sporting Goods of Mississippi, Inc., defaulted on a loan.  Trustmark paid the annual premiums in 1991, 1992, and 1993, but in 1994 decided, for budgeting reasons, not to continue paying premiums on the policies. When Old Republic failed to receive payment by August 3, 1994, it sent two sets of "friendly reminder" premium due notices to Trustmark.  One of Trustmark's Vice-Presidents, Joe Wadsworth,

2

threw away the first set of notices. Then, in early September, Wadsworth returned the second set of notices to Old Republic with the instruction "CANCEL" handwritten on them. After the thirty-one day grace period ran its course — on September 3, 1994 — Old Republic treated the policies as lapsed for nonpayment.

At that point, both Trustmark and Old Republic believed that coverage had terminated. A few weeks later, however, on October 10, Jackson died of liver cancer. After learning of Jackson's death, Trustmark attempted to collect from Old Republic on the life insurance policies. It relied on the Rider, arguing that Jackson had been totally incapacitated by his illness, and that the obligation to pay the August 3, 1994 premium was thus dispensed with automatically.

Old Republic filed a complaint in federal district court, based on diversity of citizenship, requesting declaratory relief. Trustmark counterclaimed for the face amount of the policies plus interest. Old Republic then filed a motion for summary judgment, arguing that (1) Trustmark canceled the policies prior to Jackson's death, (2) the policies lapsed for nonpayment of premiums before Jackson's death, and (3) Trustmark never met the terms and conditions specified in the Rider. The district court credited each of Old Republic's arguments and, stating that each was independently sufficient to support summary judgment, granted the declaratory relief sought by Old Republic.

II

ANALYSIS

A.    STANDARD OF REVIEW

We review summary judgments de novo, applying the same standard as the district court.[1] Summary judgment is proper if the pleadings and the summary judgment record show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[2]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[3] In making our determination, we must draw all justifiable inferences in favor of the nonmoving party.[4]  As our jurisdiction to decide this case is based on diversity of citizenship, we must apply the substantive law of Mississippi.[5]

B.    THE WAIVER OF PREMIUM RIDER

The Rider required that, to effectuate a waiver of premium, notice and proof of total disability must have been furnished to the insurer during Jackson's lifetime and not later than one year

---

[1]  Waltman v. International Paper Co., 875 F.2d 468, 474 (5th Cir. 1989).

[2]  See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

[3]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

[4]  Anderson, 477 U.S. at 255, 106 S.Ct. at 2513.

[5]  Rittenhouse v. Mabry, 832 F.2d 1380, 1382 (5th Cir. 1987); DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1264 (5th Cir. 1983).

after the due date of any premium in default. As Trustmark did not comply with the first prong of that conjunctive requirement, Old Republic would have us end our analysis at this point and hold that Trustmark was not entitled to a waiver of the August 3, 1994 premium. Old Republic maintains that the Rider makes notice and proof of disability an absolute <u>condition precedent</u> to Trustmark's right to a waiver of premiums, and therefore any action taken by Trustmark after Jackson's death was too late. For support, Old Republic cites a litany of Mississippi cases dealing with waiver of premium riders that included conditions precedent.[6] The policy at issue in the instant appeal is fundamentally different from the policies reviewed in each of the cases cited by Old Republic, however, as it includes an express exception: Trustmark's failure to give proper notice and proof of disability within the stated time limits would be excused "if notice is given as soon as it is reasonably possible to do so."

In <u>Martin v. New York Life Ins. Co.</u>, a case that dealt with a premium waiver rider substantively identical to the one at issue in the instant case, we noted that there are two classes of disability clauses:

---

[6]  See <u>Provident Life & Accident Ins. Co. v. Cumbest</u>, 325 So.2d 569 (Miss. 1976); <u>Cox v. Lamar Life Ins. Co.</u>, 43 So.2d 884 (Miss. 1950); <u>Metropolitan Life Ins. Co. v. Lindsey</u>, 185 So. 573 (Miss. 1939); <u>New York Life Ins. Co. v. Quinn</u>, 157 So. 902 (Miss. 1934); <u>Mutual Life Ins. Co. v. Hebron</u>, 146 So. 445 (Miss. 1933); <u>Berry v. Lamar Life Ins. Co.</u>, 142 So. 445 (Miss. 1932); <u>New York Life Ins. Co. v. Alexander</u>, 85 So. 93 (Miss. 1920).

5

> One, those in which benefits are conditioned upon the furnishing of proof and are to commence from the time that proofs are furnished; and, two, those in which benefits are conditioned upon the furnishing of proof, but which provide that the benefits are to commence from the date that the disability occurs.[7]

Each of the cases cited by Old Republic dealt with policies that fall within the first category. None of the policies contained an exception at all; instead, notice and proof of disability were made absolute conditions precedent to waiver of premiums. In contrast, the Rider expressly states that failure to provide notice and proof before Jackson's death "will not reduce the benefit if [notice and proof] is given as soon as it is reasonably possible to do so." Thus, we must determine whether this exception precludes summary judgment in favor of Old Republic.

C.   THE EXCEPTION

None dispute that Trustmark failed to make the premium payments, either by the time they were due or before expiration of the grace period. Neither is it disputed that Old Republic was given no notice or proof that Jackson was disabled until several days after his death. Therefore, unless it was not "reasonably possible" for Trustmark to comply with the Rider's notice and proof requirements, the policies lapsed for nonpayment as contended by Old Republic.

Trustmark made no attempt whatsoever to contact Jackson or to

---

[7]   Martin v. New York Life Ins. Co., 621 F.2d 159, 161 (5th Cir. 1980).

check on his physical or medical condition before deciding unilaterally to stop paying premiums. Trustmark was therefore unaware when making its decision that Jackson's health had begun to deteriorate. Jackson was dying of liver cancer, and, although he was not diagnosed until early September, 1994 —after the expiration of the grace period— Jackson's failing health had become evident early in 1994 and had worsened steadily until his death on October 10.

We affirm the district court's grant of summary judgment because, not only would it have been "reasonably possible" for Trustmark to have determined whether Jackson was disabled, it would have been quite simple and easy. But Trustmark consciously elected to cease paying the premiums and allow the insurance to lapse without bothering to make any inquiry about the status of Jackson's health.

The district court asked Trustmark to justify its failure to so much as inquire, and Trustmark responded weakly that it might have "felt some sensibilities about just calling the man up on the phone and inquiring about his health." That is not a reasonable explanation; it does not even rise to the level of lame excuse. Indeed, Trustmark's prolongation of this litigation, especially its decision to press on with this appeal, approaches frivolousness if in fact it has not already crossed that line. If nothing else, Trustmark should be embarrassed to shed crocodile tears by disingenuously professing such tender sensibilities, while

7

continuing to embroil Old Republic and the courts in this spurious dispute based on nothing more than the most remote of chances to luck into a pure windfall, thanks to Jackson's tragic and untimely death.  The summary judgment granted by the district court is AFFIRMED.